IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36975-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANDREW LEANDRE SANDERS, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Andrew Sanders requests that the court narrow a community custody condition concerning sexual contact with others. We grant his request.

## FACTS

An undercover police officer responded to Andrew Sanders' advertisement on Craigslist, titled "'meet on Rd 68 (Late tonight)—m4m.'" Clerk's Papers (CP) at 19. The officer, purporting to be a 13-year-old boy, e-mailed Sanders and revealed his age. Sanders did not address the fictitious boy's age, but replied that he was "'pretty damn horny'" and requested a "'cock pic.'" CP at 19. Sanders sought to meet the 13-year-old and offered to give the boy a "'blowjob.'" CP at 19.

Andrew Sanders and the undercover officer arranged a meeting at a residence. On entering the premises, the officer arrested Sanders.

PROCEDURE

The State of Washington charged Andrew Sanders with attempted rape of a child in the second degree and attempted communication with a minor for immoral purposes. Sanders pled guilty to attempted rape of a child in the second degree. The State then dismissed the charge of attempted communication with a minor for immoral purposes.

The trial court sentenced Andrew Sanders to a range of 58.5 months to life and community custody for life. The trial court also imposed community custody conditions, which included:

> Inform the supervising CCO [community corrections officer] and sexual deviancy treatment provider of any dating relationship. Disclose sex offender status prior to any sexual contact. Sexual contact in a relationship is prohibited until the treatment provider approves of such.

CP at 49.

LAW AND ANALYSIS

Andrew Sanders assigns only one error on appeal. Sanders contends that the community custody condition requiring him to obtain prior approval from a sexual deviancy treatment provider before engaging in sexual contact infringes on his fundamental right to marry. Sanders requests that this court remand to the trial court to redraft the condition so it does not apply to his wife. The State agrees that the

2

community custody condition should be amended to allow Sanders sexual contact with his spouse without approval from a treatment provider. We accept the State's concession.

This court reviews community custody conditions for abuse of discretion and will reverse conditions only if manifestly unreasonable. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). We uphold such conditions if reasonably crime related, but, we carefully review sentencing conditions that interfere with a fundamental constitutional right. *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). The right to marry and to maintain a marriage relationship is a fundamental constitutional right. *State v. Warren*, 165 Wn.2d at 46. Conditions that interfere with fundamental rights must be reasonably necessary to accomplish the essential needs of the State and public order and be sensitively imposed. *State v. Warren*, 165 Wn.2d at 32 (2008).

Pursuant to the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, a court may require compliance "with any crime-related prohibitions" as a condition of community custody. RCW 9.94A.703(3)(f); RCW 9.94A.505(9).

> "Crime-related prohibitions" means an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted.

RCW 9.94A.030(10). A community custody condition requiring a defendant to seek prior approval from a treatment provider before engaging in sexual contact reasonably relates to sex crimes against children. *State v. Autrey*, 136 Wn. App. 460, 468, 150 P.3d

3

580 (2006).  An offender's freedom of choosing even adult sexual partners reasonably correlates to his or her crimes because potential romantic partners may supervise minors. *State v. Autrey*, 136 Wn. App. at 468.

Andrew Sanders asserts that the challenged community custody condition is too broad and should be tailored to allow him to have sexual contact with his wife without needing to obtain prior approval from a treatment provider.  Sanders does not otherwise disagree with the condition.  The State argues that the condition addresses the danger a sex offender may pose to an adult unaware of the offender's history of abusing children. The State agrees, however, that this concern does not relate to Sanders' marital relationship.  Sanders' spouse knows about his sexual assault conviction and remains in her relationship with him.

Based on the concession of the State, the sentencing court should modify the community custody condition to read:

> Inform the CCO and sexual deviancy treatment provider of any dating relationship.  Disclose sex offender status prior to any sexual contact.  Sexual contact in a relationship is prohibited until the treatment provider approves of such, *except for consensual sexual contact and intercourse with the defendant's spouse*.

## CONCLUSION

We grant Andrew Sanders' request.  We remand for the sentencing court to modify the community custody condition consistent with this opinion.

4

No. 36975-7-III
*State v. Sanders*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:


_____
Korsmo, J.P.T.[1]

_____
Pennell, C.J.

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.